# IN THE COUNTY COURT IN AND FOR DUVAL COUNTY, FLORIDA

OPAL WATSON

    Plaintiff,

vs.

HSBC CARD SERVICES t/a HSBC BANK NEVADA, N.A.
   Serve On:
   CT CORPORATION SYSTEMS
   1200 SOUTH PINE ISLAND ROAD
   PLANTATION, FL 33324 US

and

ZAKHEIM & ASSOCIATES, P.A.
   Serve On:
   SCOTT C. ZAKHEIM
   10455 S. UNIVERSITY DRIVE
   SUITE 202
   PLANTATION, FL 33324 US

    Defendants.

CASE NO.

DIVISION:
16- 2010-SC-002956      -XXXX-MA



FILED
SEP 17 2010

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Opal Watson, by her undersigned attorney hereby sues HSBC Card Services t/a HSBC Bank Nevada, N.A. (Creditor) and Zakheim & Associates, P.A. (Debt Collector), and for her Complaint states as follows:

### 1. Introduction

1.    This is an action brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 et seq. (hereinafter "FCCPA"), which prohibit creditors and debt collectors from engaging in abusive, deceptive, and unfair practices, and the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (hereinafter "TCPA"), which restricts the use of telephone equipment in contacting consumers.

1


EXHIBIT A

2. This is an action for damages not in excess of $5,000.00, exclusive of costs, interests and attorney's fees.

3. Plaintiff is a natural person residing in Jacksonville, Duval County, Florida.

4. Defendant, Creditor, is an entity qualified to conduct business in Florida.

5. Defendant, Debt Collector, is an entity qualified to conduct business in Florida.

## COUNT I – Unlawful Collection Practices by Creditor

6. Ms. Watson had an alleged consumer debt to Creditor arising from personal, family or household purposes.

7. On December 30, 2008 Ms. Watson, through counsel, advised Creditor that Ms. Watson was represented by counsel with respect to all accounts owned or serviced by Creditor and requested that Creditor cease all direct contact with Ms. Watson. A true and correct copy of the fax confirmation of that communication is attached hereto as Exhibit A.[1]

8. The December 30, 2008 communication to Creditor placed Creditor on notice that (a) Ms. Watson was represented by counsel with regard to the alleged debts, and (b) Ms. Watson did not wish to be contacted directly again by Creditor.

9. Creditor, by and through Creditor's agent, Debt Collector, willfully communicated with Ms. Watson by means of a letter dated August 4, 2010 (attached hereto as Exhibit B) even though it knew Ms. Watson was represented by counsel.

10. Ms. Watson filed a previous suit against Creditor in this Court on May 4, 2009 that was served upon Creditor on May 7, 2009, alleging illegal collection practices occurring prior to the suit's filing.

---

[1] The fax sent to Creditor included a notice of representation which stated "PLEASE TAKE NOTICE that Wendell Finner is my attorney at law who represents me with respect to all my debts and all claims my creditors have against me. I authorize and instruct him to discuss any of my accounts with my creditors and their affiliates, agents, employees, designees or assigns. I authorize and instruct my creditors to disclose such information to Mr. Finner as he may request, and to direct all communications to him as my attorney." The notice was signed by Ms. Watson and contained her social security number to assist recipients in identifying affected accounts. Due to the inclusion of Ms. Watson's social security number, the Notice of Representation is not filed herewith.

11. The prior suit provided yet further notice to Creditor that Ms. Watson was represented by counsel and that direct contact with her was prohibited by law.

12. Creditor's flouting of this Court's authority and Florida law by continuing to contact Ms. Watson after a previous suit was filed against it for illegally contacting a represented consumer for debt collection demonstrates that Creditor's contact with Ms. Watson was either willful misconduct in retaliation for the first suit or gross negligence.

13. Ms. Watson is entitled to punitive damages pursuant to Fla. Stat. §§ 559.77, 768.72.

14. The activities of Creditor constitute illegal collection practices prohibited by the FCCPA, Fla. Stat. §§ 559.72 (7), (18).

WHEREFORE, Plaintiff, Opal Watson, demands judgment against Defendant, HSBC Card Services for actual and statutory damages, together with punitive damages, pre- and post-judgment interest, attorney's fees and costs of suit.

### COUNT II – Unlawful Collection Practices by Debt Collector

15. Ms. Watson incorporates the allegations of paragraphs 6 through 14, above.

16. Debt Collector is party to an agreement with Creditor, date unknown (the "Master Collection Agreement") whereby it, as a matter of policy, practice and procedure, is required to receive notice when a consumer referred for collection by Creditor is represented by counsel.

17. Pursuant to the Master Collection Agreement, Debt Collector had actual knowledge that Ms. Watson was represented by counsel no later than August 3, 2010.

18. Despite this contractually-required notice, Debt Collector does not specifically inquire of Creditor whether a consumer is represented by an attorney or provide for placement of that information in its data processing system before communicating with that consumer in attempt to collect a debt.

19. Rather, Debt Collector and Creditor, by express or implied agreement, conspire to keep Debt Collector from acting upon the knowledge that a consumer is represented in order to maximize illegal collections.

20. Debt Collector willfully communicated with Ms. Watson by sending Ms. Watson the August 4, 2010 letter even though Debt Collector was aware that Ms. Watson was represented by an attorney.

21. Debt Collector also willfully communicated with Ms. Watson by means of at least three telephone calls to Ms. Watson's cellular telephone between August 18 and August 20, 2010 even though Debt Collector was aware that Ms. Watson was represented by an attorney.

22. The communications from Debt Collector to Ms. Watson constitute illegal collection practices under the FCCPA, Fla. Stat. § 559.72(18), and the FDCPA, 15 U.S.C. Section 1692c(a)(2).

WHEREFORE, Plaintiff, Opal Watson, demands judgment against Defendant, Zakheim & Associates, P.A. for actual and statutory damages, together with punitive damages, pre- and post-judgment interest, attorney's fees and costs of suit.

## COUNT III – Unlawful Use Of Telephone Equipment by Debt Collector

23. Ms. Watson incorporates the allegations of paragraphs 6 through 22, above.

24. Debt Collector willfully and knowingly made at least three unauthorized telephone calls to Ms. Watson's cellular telephone.

25. The telephone calls made by Debt Collector to Ms. Watson's cellular telephone were not made for emergency purposes.

26. Ms. Watson did not consent to the calls. The telephone calls made by Debt Collector to Ms. Watson's cellular telephone violate the TCPA 47 U.S.C. § 227 (b)(1)(A).

WHEREFORE, Plaintiff, Opal Watson, demands judgment against Defendant, Zakheim & Associates, P.A. for actual and statutory damages, together with punitive damages, pre- and post-judgment interest, attorney's fees and costs of suit.

## COUNT IV – Injunctive Relief

27. Ms. Watson incorporates by reference paragraphs 1 through 19 of this Complaint.

28. Ms. Watson will be irreparably damaged should Creditor and Debt Collector continue their illegal and harassing communications to Ms. Watson.

WHEREFORE, Plaintiff, Opal Watson, demands judgment against Defendants, HSBC Card Services t/a HSBC Bank Nevada, N.A. and Zakheim & Associates, P.A. permanently enjoining them, their officers, directors, agents, attorneys and employees, and anyone acting in concert with them, from contacting Ms. Watson or any other person in connection with the alleged debt or calling Ms. Watson's cellular telephone service and awarding Ms. Watson punitive damages, pre- and post-judgment interest, attorney's fees and costs of suit.

WENDELL FINNER, Florida Bar No. 0093882
340 Third Avenue South, Suite A
Jacksonville Beach, Florida 32250-6767
(904) 242-7070
*Attorney for Plaintiff*