**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

OPAL WATSON,

                Plaintiff,

vs.                                                          Case No. 3:10-cv-985-J-34JBT

HSBC CARD SERVICES, INC.,
trading as HSBC Bank Nevada, N.A., and
ZAKHEIM & ASSOCIATES, P.A.,

                Defendants.
_____

**ORDER**

**THIS CAUSE** is before the Court sua sponte. Plaintiff initiated the instant action in the County Court, in and for Duval County, Florida, on or about September 17, 2010, by filing a four-count Complaint for Injunctive Relief and Damages (Doc. 2; Complaint) against Defendants. On October 22, 2010, Defendant Zakheim & Associates, P.A. filed a Notice of Removal, removing the case to this Court, citing federal question jurisdiction. (Doc. 1; Notice). Defendant HSBC Card Services, Inc. t/a HSBC Bank Nevada, N.A., consented to the removal. (Doc. 4). Upon review, the Court finds that the Complaint constitutes an impermissible "shotgun pleading." A shotgun complaint "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular

cause of action asserted. See id. Here, the first three counts in the Complaint incorporate by reference all allegations of each of the preceding counts, and Count IV incorporates the first 19 paragraphs of the Complaint, which includes all of Count I and half of Count II. See generally Complaint.

In the Eleventh Circuit, shotgun pleadings of this sort are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph County, 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases). As the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263. When faced with the extreme burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the extent possible under Rule 11, Federal Rules of Civil Procedure. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006) ("When faced with a shotgun pleading, the trial court, whether or not requested to do so by a party's adversary, ought to require the party to file a repleader.") (citing Byrne v. Nezhat, 261 F.3d 1075, 1133 (11th Cir. 2001)).

In light of the foregoing, it is **ORDERED**:

1.  Plaintiff's Complaint (Doc. 2) is **STRICKEN**.

2. Plaintiff shall file an amended complaint consistent with the directives of this Order on or before **November 15, 2010**. Failure to do so may result in a dismissal of this action.

3. Defendants shall respond to the amended complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Jacksonville, Florida, this 26th day of October, 2010.

MARCIA MORALES HOWARD
United States District Judge

lc12
Copies to:
Counsel of Record